UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED 2008 FEB 11 PM 12:29

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. '08 MJ 0393 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Gerardo MARTINEZ-Canterar, ) | Deported Alien Found in the |
| ) | United States |
| Defendant ) | |

The undersigned complainant, being duly sworn, states:

On or about **February 9, 2008** within the Southern District of California, defendant, **Gerardo MARTINEZ-Canterar,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **11th** DAY OF **FEBRUARY 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Gerardo MARTINEZ-Canterar

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On February 9, 2008, at approximately 3:30 a.m., Border Patrol Agent F. G. Herrera III was performing line watch operations near an area known as Smugglers Canyon. Smugglers Canyon is approximately three miles west of the San Ysidro, California Port of Entry and is approximately two-hundred yards north of the United States/Mexico International Boundary Fence. Smugglers Canyon is an area notoriously used by undocumented individuals attempting to further their illegal entry into the United States. At approximately 3:30 a.m., the central infrared scope operator advised Agent Herrera via agency radio that he observed several individuals cross the International boundary fence into the United States from Mexico. The scope operator advised Agent Herrera that he observed the individuals run north into some brush in Smugglers Canyon. Agent Herrera responded to the reported location and searched the brush. After a brief search, Agent Herrera saw two individuals, one who was later identified as the defendant **Gerardo MARTINEZ-Canterar**, laying in the brush attempting to hide. Agent Herrera identified himself as a United States Border Patrol Agent and questioned each of the two individuals as to their citizenship. Each of the two individuals, including the defendant, freely admitted to being citizens and nationals of Mexico whom possessed no immigration documentation permitting each of them to enter or remain in the United States legally. Agent Herrera placed the defendant under arrest and transported him to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on January 28, 2008 through San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.

**Executed on February 10, 2008 at 9:30 a.m.**

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **February 9, 2008**, in violation of Title 8, United States Code, Section 1326.

Anthony J. Battaglia
United States Magistrate Judge

Date/Time  2/10/08  10:30AM

CONTINUATION OF COMPLAINT:
Gerardo MARTINEZ-Canterar

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On February 9, 2008, at approximately 3:30 a.m., Border Patrol Agent F. G. Herrera III was performing line watch operations near an area known as Smugglers Canyon. Smugglers Canyon is approximately three miles west of the San Ysidro, California Port of Entry and is approximately two-hundred yards north of the United States/Mexico International Boundary Fence. Smugglers Canyon is an area notoriously used by undocumented individuals attempting to further their illegal entry into the United States. At approximately 3:30 a.m., the central infrared scope operator advised Agent Herrera via agency radio that he observed several individuals cross the International boundary fence into the United States from Mexico. The scope operator advised Agent Herrera that he observed the individuals run north into some brush in Smugglers Canyon. Agent Herrera responded to the reported location and searched the brush. After a brief search, Agent Herrera saw two individuals, one who was later identified as the defendant Gerardo MARTINEZ-Canterar, laying in the brush attempting to hide. Agent Herrera identified himself as a United States Border Patrol Agent and questioned each of the two individuals as to their citizenship. Each of the two individuals, including the defendant, freely admitted to being citizens and nationals of Mexico whom possessed no immigration documentation permitting each of them to enter or remain in the United States legally. Agent Herrera placed the defendant under arrest and transported him to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on January 28, 2008 through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.

Executed on February 10, 2008 at 9:30 a.m.

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on February 9, 2008, in violation of Title 8, United States Code, Section 1326.

Anthony J. Battaglia
United States Magistrate Judge

Date/Time 2/10/08 10:30 AM